UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| AXIO LIMITED, | Index No. 1:22-cv-00620-VM |
| Plaintiff, | **DEFENDANT AVI & CO.** |
| | **N.Y. CORP.'S ANSWER TO** |
| vs. | **COMPLAINT** |
| AVI & CO. N.Y. CORP., | |
| Defendant, | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendant AVI & CO. N.Y. CORP. ("**Avi & Co.**"), by and through its attorneys, RIVKIN RADLER LLP, hereby answers the Complaint filed by AXIO LIMITED, ("**Axio**") as follows:

## PRELIMINARY STATEMENT

1. Avi & Co. denies the allegations contained in paragraph 1 of the Complaint.

2. Avi & Co. denies the allegations of paragraph 2 of the Complaint.

3. Avi & Co. denies the allegations contained in paragraph 3 of the Complaint, except admits that Axio sent a wire transfer of $217,000 to Avi & Co., which was subsequently returned to Axio by Avi & Co.

4. Avi & Co. admits to the allegations contained in paragraph 4 of the Complaint

5. Avi & Co. denies the allegations contained in paragraph 5 of the Complaint.

## THE PARTIES

6. Avi & Co. lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 6 of the Complaint.

7. Avi & Co. admits to the allegations contained in paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. Paragraph 8 of the Complaint states a legal conclusion that does not require a response. To the extent that any of those allegations require a response, Avi & Co. denies them.

9. Paragraph 9 of the Complaint states a legal conclusion that does not require a response. To the extent that any of those allegations require a response, Avi & Co. denies them.

10. Paragraph 10 of the Complaint states a legal conclusion that does not require a response. To the extent that any of those allegations require a response, Avi & Co. admits them.

## FACTS

11. Avi & Co. admits to the allegations contained in paragraph 11 of the Complaint.

12. Avi & Co. admits to the allegations contained in paragraph 12 of the Complaint.

13. Avi & Co. admits to the allegations contained in paragraph 13 of the Complaint.

14. Avi & Co. admits to the allegations contained in paragraph 14 of the Complaint.

15. Avi & Co. admits to the allegations contained in paragraph 15 of the Complaint.

16. Avi & Co. admits to the allegations contained in paragraph 16 of the Complaint.

17. Avi & Co. lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 17 of the Complaint.

18. Avi & Co. admits to the allegations contained in paragraph 18 of the Complaint but denies that the discussion between Mr. Barthelemy and Mr. Schust regarding the release of "papers" for the watch took place on December 28, 2021.

19. Avi & Co. admits to the allegations contained in paragraph 19 of the Complaint.

20. Avi & Co. admits to the allegations contained in paragraph 20 of the Complaint but denies that it would have been considerably more expensive.

21. Avi & Co. admits to the allegations contained in paragraph 21 of the Complaint, but denies that it was the "agreed upon" price and neither admits nor denies "to no avail" as it is not a factual allegation that requires a response

22. Avi & Co. denies the allegations of paragraph 22 of the Complaint.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

23. Answering Paragraph 23 of the Complaint herein, Avi & Co. repeats and reiterates each and every denial heretofore made in regard to each and every paragraph of the Complaint, designated as "1" through "22" inclusive with the same force and effect as though more fully set forth at length herein.

24. Avi & Co. denies the allegations contained in paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint states a legal conclusion that does not require a response. To the extent that any of those allegations require a response, Avi & Co. denies them.

26. Avi & Co. denies the allegations contained in paragraph 26 of the Complaint.

27. Avi & Co. denies the allegations contained in paragraph 27 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

28. Axio has failed to state, either in whole or in part, any claim upon which relief can be granted, including but not limited to that a binding contract was established.

### SECOND AFFIRMATIVE DEFENSE

29. Axio has not sustained any injury-in-fact or been damaged whatsoever, depriving the Court of subject matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

30. Axio's claims are barred, in whole or in part, by the doctrines of waiver and estoppel, release, and accord and satisfaction.

### FOURTH AFFIRMATIVE DEFENSE

31. Axio has failed to mitigate its damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

32. Axio's claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

33. Axio's claims are barred, in whole or in part, on the basis that Axio's alleged damages, if any, were solely caused by other individuals or entities.

### SEVENTH AFFIRMATIVE DEFENSE

34. The equities do not preponderate in favor of Axio so as to allow recovery based on equitable principles.

### EIGHTH AFFIRMATIVE DEFENSE

35. Axio has failed to state facts sufficient for an award of attorneys' fees.

### NINTH AFFIRMATIVE DEFENSE

36. To the extent that Axio's claims are subject to contribution, or any reduction or offset from other parties, any damages recovered against Avi & Co. shall be reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE

37. Should Axio recover damages from Avi & Co., Avi & Co. is entitled to indemnification, either in whole or in part, from all persons or entities whose negligence and/or fault proximately contributed to Axio's damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

38. If there was a contract formed between the parties, there were certain conditions precedent to such contract, to wit, the provision of certain documents from the provider of the watch at issue. Insofar as that condition precedent was never met, no binding contract was ever finalized.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

39. Avi & Co. reserves the right to assert, and hereby give notice that it intends to rely upon, any other defenses that may become available or appear during discovery proceedings or otherwise in this case and hereby reserves the right to amend its Answer to assert any such defense.

WHEREFORE, Avi & Co. demands judgment as follows:

a) dismissing the Complaint on the merits with prejudice;
b) that Axio take nothing by the Complaint;
c) awarding Avi & Co. its attorneys' fees, costs, and disbursements herein;
d) Trial by jury is demanded; and
e) for such other and further relief which this court deems just and equitable.

Dated: Uniondale, New York
March 7, 2022

RIVKIN RADLER LLP
Attorneys for Defendant
AVI & CO. N.Y. CORP,

By: */s/ Kenneth C. Murphy*
Kenneth C. Murphy, Esq.
926 RXR Plaza
Uniondale, New York 11556-0926
(516) 357-3000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed using this Court's CM/ECF notification service, which sent notification of such filing to all counsel of record on March 3, 2022.

/s/ Kenneth C. Murphy
Kenneth C. Murphy, Esq.